IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MOHAMMAD A. BIN NUR HUSSEIN,       )
                                   )
                    Petitioner,    )
                                   )
     v.                            )      Case No. 25-3240-JWL
                                   )
PAMELA BONDI, Attorney General;    )
KRISTI NOEM, Secretary,            )
   Department of Homeland Security;)
SAM OLSON, Director,               )
   ICE Field Office; and           )
C. CARTER, Warden, FCI-Leavenworth,)
                                   )
                    Respondents.   )
                                   )
_____)

## MEMORANDUM AND ORDER

Petitioner, acting *pro se*, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges his detention by immigration officials. For the reasons set forth below, the Court **grants** the petition. Respondents shall release petitioner from custody, subject to an appropriate order of supervision, by **January 15, 2026**, and shall provide notice to this Court when that release is effected.

Petitioner is a native of Malaysia and a citizen of Burma. Petitioner was admitted to the United States in 2013, and he became a lawful permanent resident in 2014. In 2022, however, he was convicted of robbery and reckless endangerment in Wisconsin state court; removal proceedings were subsequently initiated, and petitioner was taken into custody by immigration officials in December 2024. On April 24, 2025, an immigration judge ordered

removal but granted petitioner deferral of removal to Burma (meaning he could only be removed to an alternative third country). Petitioner is presently detained within this judicial district. On November 5, 2025, petitioner filed the instant habeas action; respondents have filed a response to the petition, petitioner has filed a reply brief, and the matter is therefore ripe for ruling.

Petitioner claims that his continued detention by immigration authorities is improper. To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S. C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003).

Generally, when an alien is ordered removed, the removal is to occur within a period of 90 days, referred to as the "removal period." *See* 8 U.S.C. § 1231(a)(1)(A). Petitioner's removal period began on April 24, 2025, the date of his deferral order, as both parties had waived any appeal. *See id.* § 1231(a)(1)(B)(i).[1] Specifically, petitioner claims that, after more than six months since the beginning of the removal period, his detention has become unreasonably indefinite, and that his release is therefore required under the framework set forth by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001).

---

[1] Respondents state in their brief, based on their supporting declaration from an immigration official, that the removal order became final upon the lapse of the 30-day appeal period. Respondents have not addressed the fact, however, that both parties had waived appeal at the time of the order; nor have they addressed this Court's prior reliance on the date of the order in the event of such waivers. *See, e.g.*, *Gutierrez v. Carter*, __ F. Supp. 3d __, 2025 WL 3454295, at *1 (D. Kan. Dec. 2, 2025) (Lungstrum, J.).

In *Zadvydas*, the Supreme Court noted that an alien must be detained during the initial 90-day removal period and that the Government may continue to detain an alien after that period or release the alien under supervision. *See id.* at 683 (citing 8 U.S.C. § 1231(a)(2), (6)). The Court held, however, that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by the statute." *See id.* at 699. The Court elaborated on that standard as follows:

> In answering that basic question, the habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal. It should measure reasonableness primarily in terms of the statute's basic purpose, namely, assuring the alien's presence at the moment of removal. Thus, if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute. In that case, of course, the alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions. . . .
>
> We recognize, as the Government points out, that review must take appropriate account of the greater immigration-related expertise of the Executive Branch, of the serious administrative needs and concerns inherent in the necessarily extensive INS efforts to enforce this complex statute, and the Nation's need to "speak with one voice" in immigration matters. But we believe that courts can take appropriate account of such matters without abdicating their legal responsibility to review the lawfulness of an alien's continued detention.

*See id.* at 699-700 (citations omitted). The Supreme Court then established a presumptively reasonable detention period of six months in which to accomplish removal, after which the reasonableness of an alien's detention should be determined as follows:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable

3

> future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*See id.* at 701; *see also, e.g.*, *Anyimu v. Department of Homeland Security*, 2017 WL 193180, at *2-3 (D. Kan. Jan. 18, 2017) (Lungstrum, J.) (applying this framework); *Kaliku v. United States Immigration and Customs Enforcement*, 2024 WL 4854523, at *2-3 (D. Kan. Nov. 21, 2024) (Lungstrum, J.) (same); *Vargas v. Noem*, 2025 WL 2770679, at *2-3 (D. Kan. Sept. 29, 2025) (Lungstrum, J.) (same).

The Court finds that petitioner has met his burden to provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future" in his case. The Court disagrees with respondents' contention that petitioner can point to little more than the failure to effect his removal within six months. Petitioner has now been detained for more than eight months since the beginning of the removal period, a significant period beyond the presumptively-reasonable period of six months, during which time officials have been unable to locate a third country to which to remove him. Petitioner also notes that that task will likely be complicated by his felony convictions.

The Court further concludes that respondent has not rebutted that showing by petitioner. In a declaration submitted by respondents, an immigration official states only that "DHS has attempted to remove Petitioner to Canada, but without success;" that in September 2025, officials "reached out to the Department of State to inquire about other potential countries to which Petitioner could be removed;" that ICE "is currently working on a travel document request to Malaysia;" and that "ICE will continue its efforts to identify

4

alternative countries to which Petitioner can be removed." The Court does not find such evidence to be sufficient, as respondents have not provided necessary details about those efforts – despite this Court's repeated complaints about the lack of such detail and the use of similar boilerplate language in the Government's submissions. *See, e.g.*, *Gutierrez v. Carter*, __ F. Supp. 3d __, 2025 WL 3454295, at *2-3 (D. Kan. Dec. 2, 2025) (Lungstrum, J.). Thus, although the declarant states that officials "sought" to remove petitioner to Canada without success, the declarant provides no details concerning that effort, including whether a request was made to Canada, how Canada responded, and when that effort took place. The declarant does not state whether the inquiry to the State Department produced any specific action or results. The declarant states that officials are "working on" a travel document request to Malaysia, but the declarant does identify any specific acts that have been taken with respect to such a request.² Respondents have not explained why they cannot provide more details or why additional efforts have not been made. Nor have respondents updated their response and declaration to provide information about more recent efforts. Most significantly, there is no analysis or explanation specific to petitioner's case, as respondents have not attempted to explain why previous efforts to find a removal country for petitioner have been unsuccessful or why efforts are likely to be successful in the reasonably foreseeable future. *See, e.g.*, *Manago v. Carter*, 2025 WL 2841209, at *2-3 (D. Kan. Oct. 7, 2025) (citing similar facts in concluding that the respondents failed to rebut the petitioner's showing under *Zadvydas*). Finally, the fact that officials never made

---

² Respondents do not explain why officials are only now exploring removal to Malaysia, petitioner's native land.

a 90-day custody determination as required belies any claim that officials have exercised diligence with respect to petitioner's case.

In sum, respondents have not been able to provide evidence or even point to any specific fact that creates a significant likelihood that, even though officials have failed in their few vaguely-described attempts to remove petitioner to a third country, petitioner will nonetheless be removed to a third country in the reasonably foreseeable future. Petitioner's detention has become unreasonably indefinite, and the Court therefore concludes that petitioner must be released, subject to appropriate terms of supervision. *See Zadvydas*, 533 U.S. at 700.

Accordingly, the Court grants the petition for habeas relief, and respondents are ordered to effect petitioner's release by **January 15, 2025**.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **granted**. Respondents shall release petitioner from custody, subject to an appropriate order of supervision, by **January 15, 2026**, and shall provide notice to this Court when that release is effected.

IT IS SO ORDERED.

Dated this 5th day of January, 2026, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge